UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ARLANDO DAVON VALENTINE (#1010750),**

           **Petitioner,**

v.                                        Civil Action No: 2:20-cv-00414

**HAROLD W. CLARKE, Director of
Virginia Department of Corrections,**

           **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Arlando Davon Valentine ("Valentine" or "Petitioner") is currently serving a sentence of life plus three years resulting from his convictions for first degree murder and use of a firearm in the commission of a felony in the Circuit Court of Loudoun County. He filed this, his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 13, 2020. Respondent, Harold W. Clarke, filed a Rule 5 Answer and Motion to Dismiss, arguing that Valentine's claims were successive, and thus that this court lacks jurisdiction. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(k), Valentine was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda that support his position, as well as the consequences of failing to oppose Respondent's filings. Valentine did not file a response.

The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. After reviewing all of Valentine's pleadings, as well as with his prior habeas petition and recent state court filings, this Report concludes that Valentine's present petition is

1

successive, and it does not appear that he has received permission from the Fourth Circuit to file another habeas petition in this court. Accordingly, the Report recommends that the Respondent's Motion to Dismiss be GRANTED and that Valentine's petition be DENIED and DISMISSED without prejudice.

## I. ANALYSIS

Valentine has filed a previous federal habeas petition in this court. (Case No. 2:03-cv-00769). His first petition alleged that there was insufficient evidence supporting Valentine's conviction, that the trial court erred in its evidentiary decisions and in denying a motion for new trial. It also raised claims of ineffective assistance of counsel and prosecutorial misconduct. This court denied and dismissed Valentine's first petition on August 17, 2004.

In 2017 Valentine filed a motion pursuant to Va. Code § 19.2-327.2, seeking to obtain forensic testing of previously untested evidence. His motion was eventually granted after a hearing on the matter. Pet'r's Amend. Pet. 1, Ex. E. After obtaining the forensic testing results, Valentine filed a state habeas petition with the Circuit Court of Loudoun County. Valentine v. Clarke, Case No. CL19-1492. His state petition alleged that his trial counsel was ineffective for failing to investigate, obtain, and present this forensic evidence. The state circuit court concluded the petition was untimely and dismissed it on December 18, 2019. Valentine v. Clarke, Case No. CL19-1492, Opinion & Order, Dec. 18, 2019, at 3-5 ("State Habeas Decision"). In an alternative holding, the Circuit Court also found the testing results obtained from the Commonwealth of Virginia's Department of Forensic Testing were not entirely favorable to Valentine. The department issued Certificates of Analysis on November 20, 2017, February 14, 2018, and February 27, 2019. The November 20, 2017 Certificate of Analysis reported that a particle "characteristic of primer residue" was found on a "[n]avy blue Gap XL hooded pullover jacket" and a "[b]lue XXL Sierra

Sport zip up jacket." Pet'r's Amend. Pet. 1, Attach. 1-1, at 5 ("Forensic Results"). Both items were recovered from the Petitioner's residence during the 1999 investigation. Id. at 19. As the state court observed, this "indicates his clothing was in the proximity to the discharge of the weapon." State Habeas Decision, at 7-8. The DNA analysis of the navy blue hoodie on February 14, 2018 determined only that "[a]ssuming this DNA profile is a mixture of one major contributor and one minor contributor: Amos Hicks is eliminated a major contributor to this DNA mixture profile." Forensic Results, at 10. Likewise, the February 27, 2019 Certificate of Analysis found Petitioner's DNA on these items but did not identify any DNA from Amos Hicks. Id. at 16. The state court concluded this absence of evidence was not probative of Valentine's guilt or innocence. As a result, his claim of ineffectiveness failed on the merits. State Habeas Decision, at 8. The Supreme Court of Virginia declined to consider Valentine's appeal of this petition on May 15, 2020. (Case No. 200218).

Valentine's current habeas petition in this court also alleges ineffective assistance of counsel for failing to investigate and present the same forensic evidence. His current habeas petition is, therefore, directed to his underlying conviction, and not to a more recent procedural denial that would alter the legality of his imprisonment. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). For this reason, his petition is successive.

Pursuant to 28 U.S.C. § 2244, a district court may only entertain a successive habeas petition when the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Without authorization from a court of appeals, a federal district court has no jurisdiction to consider the claims, and the petition must be dismissed. Winestock, 340 F.3d at 205.

3

This court has not received an order from the Fourth Circuit authorizing the consideration of Valentine's habeas petition and it does not appear that Valentine has applied for such an order at this time. Because Valentine has not requested or received permission from the Fourth Circuit to file a successive petition, this court is precluded from considering Valentine's habeas petition. Evans v. Smith, 220 F.3d 306, 324-25 (4th Cir. 2000).

## II. RECOMMENDATION

For the foregoing reasons the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED, and Valentine's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) be DISMISSED without prejudice.

## III. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 4, 2021

Case 2:20-cv-00414-RAJ-DEM Document 17 Filed 03/04/21 Page 6 of 6 PageID# 109

6

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Arlando Davon Valentine #1010750
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891

And an electronic copy was provided to:

Leah Ann Darron
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,

Clerk of Court

By:    /s/ J.L. Meyers
Deputy Clerk

March 4, 2021

6